**Electronically Filed**
**Intermediate Court of Appeals**
**29521**
**29-AUG-2013**
**09:18 AM**

NO. 29521


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MHI LLC doing business as SCU HOLDINGS, A FOREIGN LIMITED
LIABILITY COMPANY REGISTERED TO DO BUSINESS IN HAWAII, Plaintiff-
Appellee, v. DANIEL K. CHING, INDIVIDUALLY AND DOING BUSINESS AS
HAWAII'S FAVORITE, INC., AND PATRICIA CHING, INDIVIDUALLY AND
DOING BUSINESS AS HAWAII'S FAVORITE, INC., Defendants-Appellants


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL CASE NO. 1RC07-1-3836)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendants-Appellants Daniel K. Ching and Patricia
Ching, individually and doing business as (dba) Hawaii's
Favorite, Inc. ("the Chings"), appeal pro se from the Judgment
entered on November 17, 2008 in the District Court of the First
Circuit, Honolulu Division (District Court)[1] in favor of
Plaintiff-Appellee MHI LLC, dba SCU Holdings ("MHI"), as to its
complaint for summary possession and breach-of-lease money
damages.

Under a section heading entitled, "Statement of the
Point of Error," the Chings contend that the District Court erred
by denying the Chings' motion to dismiss the complaint because
the District Court denied the Chings an opportunity to speak to

---

[1]     The Honorable Barbara P. Richardson presided.

questions that the District Court identified. In the argument section, the Chings contend that the District Dourt erred by (1) accepting the representations of MHI's counsel that her failure to appear in court on two separate occasions was due to calendaring errors; (2) failing to dismiss the case after August 29, 2007, when certain accounting issues between the Chings and MHI were resolved; and (3) denying their motion to dismiss for failure to join an indispensable party.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve the Chings' points of error as follows:

(1) The Chings' arguments, to the extent that they intend to challenge the amended judgment for possession and the amended writ of possession, are moot because the writ of possession already has been executed and, accepting arguendo that the Chings' original lease had not been previously extinguished, the Chings admitted that the original lease expired in July 2008. See Exit Co. Ltd. P'ship v. Airlines Capital Corp., 7 Haw. App. 363, 366, 766 P.2d 129, 131 (1988) (holding that an appeal from a summary judgment of possession and cancellation of a lease between private businesses was moot because the writ of possession had been executed and the lease had expired).

(2) As to the Chings' asserted point of error regarding the opportunity to be heard, the record reflects that they were given ample opportunity to speak to questions identified by the District Court. The District Court held hearings on all of the substantive motions, allowing both parties to ask and answer questions. The District Court also conducted a two-day trial on the damages issue.

(3) To the Chings' first specific argument that the District Court erred by accepting the representations of MHI's counsel that her failure to appear in court on two separate occasions was due to calendaring errors, the Chings rely on a

2

series of inferences that do not constitute an airtight chain of logic. It is perfectly plausible that MHI's counsel prepared for the January 7, 2008 hearing but still forgot to calendar the hearing. This is the kind of credibility determination that is given to the district court. See generally Kerr v. Silva, 129 Hawai'i 268, 297 P.3d 1124, CAAP-11-0000958 2013 WL 1091735 at *2 (App. Mar. 15, 2013) (SDO).

Also, the Chings' assertion that they were prejudiced by the failure of MHI's counsel to attend the January 7, 2008 hearing is not supported by the record. The January 7, 2008 hearing was on the Chings' motion to set aside the original (default) judgment against them, and, in any event, the District Court granted the Chings' motion. Furthermore, the effect of the absence did not obviously extend any further because, as noted above, the District Court held hearings on the substantive motions and conducted a trial on the damages issue.

(4) As to their argument regarding the District Court's failure to dismiss the case after the accounting dispute between MHI and the Chings was resolved, the Chings provide no reasoning or authorities that explains the materiality of the accounting dispute or even its relationship to the complaint. The complaint alleged that the landlord terminated a month-to-month lease and nothing in the record establishes that the lease could only be terminated for non-payment of rent. Accordingly, the Chings' assertion that the case should not have been filed or should have been dismissed when the accounting issue was resolved appears to be a non sequitur.

(5) The Chings' third argument does not go to any of the factors that comprise the test for whether a party is indispensable, see Thornley v. Sanchez, 9 Haw. App. 606, 613, 857 P.2d 601, 605 (1993). Instead, the Chings contend that they do not owe anything to MHI because their personal liability was based on personal guaranties that were part of a written lease that MHI had disavowed. In that this argument effectively goes to the damages issue that was disposed of in the judgment entered

3

on November 17, 2008, it survives. However, an examination of cases from other jurisdictions demonstrates that whether a personal guaranty continues depends on the specific contractual language and other facts of the case. Compare Roth v. Dillavou, 359 Ill. App. 3d 1023, 1031, 835 N.E.2d 425, 432, 296 Ill. Dec. 391, 398 (Ill. App. Ct. 2005) (holding that, once a guarantor is on notice that a month-to-month tenancy may result if the tenant holds over and the landlord consents to the arrangement, the guaranty continues to apply); G.H. Bass & Co. v. Dalsan Props.—Abilene, 885 S.W.2d 572, 577 (Tex. App. 1994) (holding the surety liable for rent during a holdover period under a commercial lease where the lease contemplated a holdover and the surety was liable for rent and all other charges payable by the lessor under the lease) with Home Owners' Loan Corp. v. Strongs' Inc., 69 S.D. 81, 83, 6 N.W.2d 446, 447 (S.D. 1942) (holding that guarantor was not liable where the guaranty did not state that the guarantor would pay rent under any agreement separate from the lease); Trolley Square Assocs. v. Nielson, 886 P.2d 61, 68 (Utah Ct. App. 1994) (holding that guarantee applied only to obligations incurred during the term of the lease); VLC One, LLC v. Davis, 148 Wash. App. 1037, No. 61945-4-I 2009 WL 297005 at *3 (Wash. Ct. App. Feb. 9, 2009). Here, the Chings do not discuss the specific terms of the lease nor do they present any authorities for the proposition that, as a matter of Hawai'i law, their personal guaranties did not continue after the expiration of the original lease. In the absence of such briefing, the Chings have not complied with Rule 28(b)(7) of the Hawai'i Rules of Appellate Procedure. Furthermore, the record does not appear to contain a full copy of the original lease or the personal guaranties. Without these documents, this court has no basis upon which it could make a determination about the continuing vitality of the guaranties. When an appellant fails to provide the necessary record, the lower court must be

affirmed.  <u>See</u> <u>Union Bldg. Materials Corp. v. Kakaako Corp.</u>, 5 Haw. App. 146, 151-52, 682 P.2d 82, 87 (1984).

Therefore,

IT IS HEREBY ORDERED that the Judgment entered on November 17, 2008 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawai'i, August 29, 2013.

On the briefs:

Daniel K. Ching and
Patricia Ching,
Defendants-Appellants pro se.

Presiding Judge

Yuriko J. Sugimura,
(Bendet Fidell),
for Plaintiff-Appellee.

Associate Judge

Associate Judge